Ross *v.* Fuller, Collector, etc.

*(Circuit Court, N. D. Ohio, W. D.* June Term, 1883.)

1. Customs Duties—Erroneous Classification of Importations—Action to Recover Excess.

In an action to recover the excess of duty charged for the importation of certain iron which was classified by the collector of the port of importation as "axles," instead of "hammered iron," whether such classified iron was proper is a question of fact, to be tried by a jury, and if the jury have any doubts as to whether or not such iron was properly classified and charged for as "axles," they should give the plaintiff the benefit of such doubt, and find a verdict for him.

2. SAME—BURDEN OF PROOF—PLAINTIFF TO HAVE BENEFIT OF DOUBT.

In such a case, as in all other civil cases, the case is to be decided by a preponderance of proof. The burden of proof to show that the articles were dutiable is on the government; and the government, by a fair preponderance of proof, must establish what they claim in that regard.

3. SAME—DEGREE OF PROOF.

If the articles were in fact "axles," such as named in the statute, less proof would be required to show that they were understood to be so in commercial transactions; but if they were not *in fact* "axles," greater evidence would be required to show that they were understood to be axles in the commerce and trade of the country, and so recognized.

4. SAME—NAMES OF IMPORTATIONS IN TARIFF LAWS—CONSTRUCTION.

The names given to the different articles in the tariff laws are to be understood and construed to mean what they were understood to mean in the commerce and trade of the country, and among those engaged in trade and commerce at the time of the passage of the acts, and as recognized by the customs department at the same time, and not at periods since the passage of the law.

5. SAME—HOW RECOGNIZED IN COMMERCE.

The commercial character of importations does not depend upon the mere fact that they were or were not *finished axles,* but whether they were understood and recognized in commerce and the business of trade as axles, by those engaged in such trade, at the time of the passage of the law.

6. SAME—MEASURE OF DAMAGES.

If the jury find for the plaintiff they should render a verdict in his favor for the difference between the rates of duty charged and the proper charge, with interest from the time the sum of money was paid until the first day of the term at which the case is tried.

At Law.

*Storck & Shuman,* for plaintiff.

*E. H. Eggleston,* U. S. Dist. Atty., for defendant.

WELKER, J., (*charging jury.*) The plaintiff, being a dealer in all sorts of iron at the city of Chicago, imported from Liverpool to the city of Toledo, to fill a contract with a car-manufacturing company of Lafayette, Indiana, 1,000 pieces of iron, formed in a shape and size to be used as car axles, in the manufacture of railroad cars by the car company. They were called in the shipment "iron forgings for axles." When they arrived at the port of Toledo the collector required him to pay the duty provided by law to be charged upon "axles," being 2½ cents per pound. The plaintiff claimed he was only to be charged the duty required to be paid on bars of "rolled or hammered iron," being but 1¼ cents per pound. The plaintiff paid the collector, under protest, the sum of 2½ cents per pound, and this suit is to recover from the defendant, under the provisions of the statute, the difference between these rates of duty; being the sum of $3,677.10, and interest thereon from the different times at which the sums were paid.

The statutes of the United States, (section 2504, in Schedule E,) after describing various forms of iron manufactures, and fixing the duty on each class, provides that on "all other descriptions of rolled or hammered iron, not otherwise provided for, one cent and one-fourth per pound." Afterwards, and in another part of the section, after also describing various forms of iron manufactures, provides

that on "blacksmiths' hammers and sledges, axles and parts thereof, and malleable iron in castings not otherwise provided for, two and one-half cents per pound."

In this suit the plaintiff claims that he should have been charged with only $1\frac{1}{4}$ cents per pound, and that the articles should have been classed and rated as "hammered iron," under the statute; and the defendant claims that he was to be charged the duty provided upon "axles," and should be rated under that provision of the law.

The question for you to determine from the evidence is, to which of these classes of importations the articles imported by the plaintiff belong. Were they axles within the meaning of the law, or were they only bars of "hammered iron?" This is a question of fact that you must settle from the evidence you have heard on the trial of this case. Much of the evidence consists of that of experts engaged in making and trading in iron and manufactures of iron in various forms. This evidence is to be considered by you. Its weight and reliability always depend very much on the capacity and knowledge of the witness as an expert,—his experience and means of enabling him to form opinions upon the subject about which he may testify.

Our tariff laws undertake to regulate our commerce with foreign countries by fixing rates and duties upon some articles of trade used in commerce, and placing others upon what is called the "free list," and it is intended by them to name and cover all articles that may enter into our commercial trade, either on the duty list or on the free list. The names given to different articles in these laws are to be understood and construed to mean what they were understood to mean in the commerce and trade of the country, and among those engaged in trade and commerce at the time of the passage of the acts, and as recognized by the customs department at the same time, and not at periods since the passage of the law. The commercial character of these importations does not depend upon the mere fact that they were or were not finished "axles," fit to be used without any other labor upon them in the construction of railroad cars; but whether they were understood and recognized in commerce and the business of trade as "axles" by those engaged in such trade at the time of the passage of the law. If they were in fact "axles," such as named in the statute, then less evidence would be required to show that they were so understood in the trade. If not in fact such axles, then greater evidence should be required to show that they were so understood to be "axles" in the trade of the country, and so recognized in such trade.

Now, gentlemen, if under the whole evidence there be doubts as to the construction of the statute as to the character of the articles imported, it is your duty to give to the importer, the plaintiff in this case, the benefit of those doubts. So that the evidence ought to satisfy you, by a fair preponderance of proof, that these articles were properly scaled and scheduled in the charging of duties; but if you are not so satisfied, the presumption should be in favor of this plaintiff,—

in favor of this claim. If you find that the articles imported were axles under the law, as I have stated, then your verdict should be for the defendant. If, taking these general principles, from a fair examination of the evidence you are satisfied that they were properly classified by the custom-house officers as axles, then your verdict should be in favor of the defendant, because then the collector had properly charged the duty. If you find from the evidence that they were not properly classed, then they would come under the class of "hammered iron," and your verdict should be for the plaintiff for the amount of the difference between the rates of duty before stated, with interest thereon from the time the sum of money was paid. I believe the sums were paid in two different installments. The petition states the amount. You will count interest on the amount to the first day of the present term of court.

Verdict for defendant. Motion for new trial overruled, and exceptions taken by plaintiff to the charge of the court, and refusal to instruct as requested by the plaintiff.